## MOSES CAUDELL, ET AL., *v.* JOHN A. CROWDER'S ADM'R.

**Decedent's Estates—Claims—Interest.**

> Even though an obligation provides for the payment of interest, an act of the legislature is valid providing that unless an obligation is proven and filed against an estate within one year no interest shall be allowed.

### APPEAL FROM SIMPSON CIRCUIT COURT.

#### February 2, 1877.

OPINION BY JUDGE PRYOR:

Sec. 53, Chap. 39, General Statutes, provides that "No interest accruing after his death should be allowed or paid on any claim against a decedent's estate, unless the claim be verified and authenticated as required by law, and demanded of the executor, administrator, or curator within one year after his appointment."

The obligations to pay in the present case originated and were due prior to the period at which the General Statutes took effect, and the payees having failed to demand payment of the personal representative within twelve months after his qualification, as provided by the statute, the court below refused to allow any interest on the debts accruing after the death of the obligor.

It is conceded that the undertaking by the decedent was to pay the money due by his several obligations with interest until paid, and that at the time the notes were executed the payees, by law, were entitled to recover interest until the notes were discharged; and it is now maintained by the appellants that the provision of the statute impaired the obligations of these several contracts, and if not, that

Sec. 14, Chap. 22, Gen. Stat., expressly provides that, "No part of this provision is retrospective unless expressly so declared." And therefore the court erred in not allowing them interest after the death of the decedent.

We do not construe this statute as affecting rights already vested or as having a retrospective operation, but as applying only to the interest on all obligations accruing after the General Statutes took effect, when the testator or intestate died prior to that time. The law is in effect a statute of limitation, giving the right to the creditor to recover interest accruing after the death of the debtor, unless properly verified and demanded of the personal representative within twelve months after his qualification. The legislature had the undoubted right to impose a limitation as to the right of recovery applying to the whole debt, and if so we see no constitutional objection to the limitation as to the interest accruing after the death of the decedent.

In this case, however, it appears that the debtor died in July, 1873, and the administrator qualified in the month of August of the same year. At the death of the decedent, and the qualification of his representative, there was no law requiring the creditor to present and demand payment of his claim within twelve months, and therefore Sec. 14, Chap. 22, Gen. Stat., applies to the claims now in controversy. It would be an unreasonable construction, and one not authorized by the letter or spirit of this remedial statute, to adjudge that it applied to debts or demands against the estate of a debtor dying prior to the passage of the law.

It was, therefore, error on the part of the court below in denying the creditor's interest upon their several demands. The judgment refusing to allow the interest and directing payment only of the balance due was final, and from which these parties have the right to appeal without excepting to the judgment. The judgment is *reversed* and cause remanded with directions to allow the interest.

*Bush & Goodnight, W. P. D. Bush, for appellants.*

*F. Lee Wilkinson, for appellee.*